**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CIMONE CAMPBELL,

Plaintiff,

v.

Case No. ______________________________

AMERICAN AIRLINES, INC.,

Defendant.
______________________________________/

**NOTICE OF REMOVAL**

Defendant American Airlines, Inc. ("American Airlines") removes this action from the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. The grounds for removal are as follows:

## I. PROCEEDINGS IN STATE COURT AND TIMELINESS OF REMOVAL

1. Plaintiff Cimone Campbell filed a civil action in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida entitled *Cimone Campbell v. American Airlines Inc.*, on February 13, 2026, Case No. 2026-003588-CA-01 ("State Lawsuit"). On October 6, 2026, she served American Airlines with the summons and complaint in the State Lawsuit. Copies of the docket and all documents filed in the State Lawsuit are attached as a composite in Exhibit 1.

2. This Notice of Removal is timely because it is filed within 30 days after American Airlines was served with the summons and complaint on October 6, 2026. *See* 28 U.S.C. § 1446(b)(1).

## II. JURISDICTION

3. Plaintiff's Complaint is not specific about the claims she raises and does not include a statutory basis for any claim. Her allegations in full are as follows:

> This case concerns discrimination, retaliation, and adverse effects, including termination of employment with no notice and termination of health and dental benefits while on medical leave. Adverse effects include issues with health insurance and MetLife Dental. After a serious extraction in 2024, American Airlines discontinued treatment and would not finish the claim. The claim started while employed with American Airlines. American Airlines and MetLife Dental's refusal to cooperate to approve the claim in 2025 caused MetLife to cancel Ms. Campbell's new independent coverage, leaving her without coverage to complete treatment and resolve the ongoing pain issue.

4. American Airlines removes on two independent grounds: diversity jurisdiction and, insofar as Plaintiff challenges the processing or denial of benefits under Defendant's dental benefits plan, federal question jurisdiction based on ERISA complete preemption.

### A. Diversity Jurisdiction

5. The action could have been filed in this Court pursuant to 28 U.S.C. § 1332(a)(1) because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

#### 1. *Complete Diversity*

6. Plaintiff is a citizen of Florida. *See* State Court Summons (listing address in Miami, Florida).

7. American Airlines was at the time the State Lawsuit was filed and is at the time of removal, a Delaware corporation with its principal place of business in Texas. *See* Exhibit 2, Declaration of Matthew A. Dominy, at ¶ 3. Accordingly, American Airlines is a citizen of Delaware and Texas. *See* 28 U.S.C. § 1332(c)(1).

**2. *Amount in Controversy***

8. This Court has original jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where, as here, plaintiff claims an unspecified amount in the complaint, removal is proper if the defendant shows by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

9. American Airlines employed Plaintiff part-time as a Customer Assistance Representative at the Miami International Airport where her annualized compensation was $12,906. *See* Exhibit 3, Declaration of Quincy Quintana, at ¶¶ 3-4. American Airlines terminated her employment on April 12, 2024, 134 weeks ago. *Id.* at ¶ 5. Accordingly, Plaintiff's potential backpay claim through this Notice of Removal equals $33,258.

10. Assuming a trial date in December 2027, Plaintiff's backpay claim would accrue for 192 weeks between her termination and trial, and equal $47,652. *See Gower v. Reckitt Benckiser, LLC*, No. 19-60774-CIV, 2019 WL 13257944, at *3 (S.D. Fla. Apr. 30, 2019) (backpay may be calculated through anticipated trial date to establish amount in controversy); *see also Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (approving calculation of backpay through trial to establish amount in controversy on removal).

11. Emotional distress damages are also available under Title VII and the FCRA and may be factored into the amount in controversy. *See* 42 U.S.C. § 1981a(a)(1), (b)(3) (providing for compensatory damages); Fla. Stat. § 760.11(5) (providing for compensatory damages); *Morales v. FastRX, Inc.*, No. 2:19-CV-14411, 2019 WL 7374579, at *2 (S.D. Fla. Dec. 31, 2019) (considering emotional distress damages when calculating amount in controversy).

12. Here, Plaintiff alleges an unlawful termination that left her with ongoing pain since 2024 because of her inability to complete a dental procedure due to the loss of her insurance. Even

"garden variety" emotional distress claims may be valued at up to $100,000. *See Olascoaga v. T-Shirt Station Stores, LLC*, No. 0:24-CV-60167, 2025 WL 1448544, at *6 (S.D. Fla. May 5, 2025) (awarding $100,000 to employment discrimination plaintiff on affidavit that she experienced depression after her termination), *report and recommendation adopted*, No. 0:24-CV-60167, 2025 WL 1445856 (S.D. Fla. May 20, 2025); *Copley v. BAX Glob., Inc.*, 97 F. Supp. 2d 1164, 1172 (S.D. Fla. 2000) (remitting verdict for emotional distress to $100,000 for mental pain consistent with what most individuals would feel if suddenly terminated under ominous circumstances).

13. Thus, when combining Plaintiff's backpay damages with even a modest emotional distress award, the amount in controversy exceeds $75,000.

14. In the Civil Cover Sheet Plaintiff filed with her Complaint, she confirmed the amount of her claim is "over $100,000.00." *See* Ex. 1 at p. 4 (Civil Cover Sheet). While the Civil Cover Sheet alone is not dispositive, it reflects Plaintiff's agreement that more than $75,000 is in controversy.

15. Applying "judicial experience and common sense" here, the amount in controversy exceeds $75,000. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1065 (11th Cir. 2010).

**B. <u>Federal Question Jurisdiction</u>**

16. To the extent Plaintiff's lawsuit challenges the denial of her dental insurance claim, federal question jurisdiction exists because the claim is completely preempted by ERISA.

17. Plaintiff alleges that American Airlines refused to approve a claim for dental treatment benefits.

18. Plaintiff's original dental claim concerned coverage under the American Airlines, Inc. Health And Welfare Plan For Active Employees (the "Plan"). *See* Exhibit 4, Declaration of Marvinique Hill, at ¶ 4. The Plan is an employee welfare benefit plan governed by ERISA. (*Id.* at ¶ 5.)

19. ERISA completely preempts a state law claim when the plaintiff could have brought the claim under ERISA Section 502(a), and no other independent legal duty supports it. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). Plaintiff participated in the Plan and challenges the alleged failure to process and approve a dental claim under the Plan. She therefore could have sought to enforce her asserted benefit rights under Section 502(a). The asserted duty to process and approve that claim arises from the Plan, and no other independent legal obligation is alleged. The claim is therefore completely preempted and supplies federal question jurisdiction. *Id*.

## III. PROCEDURAL PREREQUISITES

20. The Southern District of Florida is the appropriate court to remove an action pending in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida. *See* 28 U.S.C. §§ 1441(a), 1446(a).

21. As required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, American Airlines will give written notice of the removal to plaintiff and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida.

22. American Airlines is the only defendant named in the State Lawsuit. Accordingly, the consent of other defendants is not required. *See* 28 U.S.C. § 1446(b)(2)(A).

23. By filing this Notice of Removal, American Airlines does not waive, and expressly reserves, all defenses, objections, and motions available under state or federal law. American Airlines also reserves the right to amend or supplement this Notice of Removal, to submit additional evidence, and to further address the grounds for jurisdiction set forth here.

WHEREFORE, Defendant American Airlines, Inc. respectfully requests that this action be removed to this Court and that it be placed on the docket of this Court for all further proceedings.

Date: November 5, 2026.

Respectfully submitted,

*/s/ Garrett S. Kamen*

Garrett S. Kamen
Florida Bar No. 125854
gkamen@fisherphillips.com
FISHER & PHILLIPS LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Tel. (954) 525-4800
Fax (954) 525-8739

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on **November 5, 2026**, a true and correct copy of the foregoing document has been provided to all counsel of record or unrepresented parties on the service list below by the method indicated:

*/s/ Garrett S. Kamen*

Garrett S. Kamen

**SERVICE LIST**

Cimone Campbell, *Pro Se Plaintiff*
121 NE 34th Street, Unit 2014
Miami, Florida 33137
Telephone: (305) 538-4400
getthruyourday@gmail.com
benzandbeyond@gmail.com

*(Via Email Transmission)*
*(Via U.S. First Class Certified Mail)*